Argued and submitted July 1, reversed and remanded September 15, 1999

Bari M. SORENSON,
*Petitioner,*

*v.*

Susan T. BAKER,
*Respondent.*

STATE OF OREGON,
Department of Human Resources,
*Appellant,*

*v.*

Bari M. SORENSON,
*Respondent,*

*and*

Susan T. BAKER,
*Obligee.*

(95-1406; CA A103545)

986 P2d 665

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance by respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

The State of Oregon Department of Human Resources seeks review of the trial court's *sua sponte* modification of respondent's child support obligations in a proceeding for remedial contempt of court for nonpayment of child support. We reverse and remand for resolution of the civil contempt of court proceedings under ORS 33.015 through ORS 33.135.

The state sought a civil contempt of court judgment against respondent for allegedly wilfully failing to pay child support pursuant to a 1995 support order. That order required respondent to pay $163 per month and was later modified to $234 per month. The state alleged that respondent was $6,242 in arrears under that order. The trial court did not decide the contempt issue but, instead, elected to modify the support order, holding that respondent was $2,000 in arrears and requiring respondent to pay $25 a month in support and $25 a month toward the arrearage until satisfied. The state objected to such modification, arguing that respondent had not filed a motion to modify the order as required under ORS 416.425, ORS 107.135(6), or ORS 107.431.

It is not clear under which statute the trial court modified the support order,[1] but it is clear that all of the statutory provisions relevant to this case prohibit the trial court from modifying support on its own motion. Each of those statutes explicitly requires a party to file a motion for modification and notify the other parties. No such motion was before the trial court here, and modification was ordered over the objection of the state. We therefore must, as a matter of law, reverse the trial court's judgment directing modification of the support order. We remand for resolution of the civil remedial contempt proceeding.

Reversed and remanded.

---

[1] We do not comment on whether any of the cited statutory provisions would, in fact, warrant or allow the kind of modification ordered in this case.